UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 08 026T

-----------------------------------------------x

| | |
|---|---|
| JOSEPH MOCERI, Plaintiff, -against- SEABOATS, INC., BARGES UNLIMITED, INC. TUGS UNLIMITED, INC., the BARGE PATRIOT, and the TUG DANIEL C. Defendants. | COMPLAINT - CIVIL AND ADMIRALTY IN REM and IN PERSONAM; Suit by Seaman Without Prepayment Costs Pursuant to 28 U.S.C. §1916; JURY TRIAL DEMANDED |

-----------------------------------------------x

Plaintiff claims of the Defendants damages upon the following causes of action:

**FIRST CAUSE OF ACTION**

1. Plaintiff is and at all times was a seaman engaged in commercial fishing.

2. Plaintiff resides in the State of New Hampshire.

3. Defendant SEABOATS, INC., is a partnership duly organized and existing under and by virtue of the laws of the State of Rhode Island, and which does business in the state in which this District Court sits.

4. Defendant BARGES UNLIMITED, INC. is a corporation duly organized and existing under and by virtue of the laws of the State of Rhode Island, and which does business in the state in which this District Court sits.

5. Defendant TUGS UNLIMITED, INC., is a corporation duly organized and existing under and by virtue of the laws of the State of Rhode Island, and which does business in the state in which this District Court sits.

6. The jurisdiction of this Court over this First Cause of Action arises under and by virtue of the Jones Act, 46 U.S.C. §30104 et seq, the General Maritime Law and the Admiralty jurisdiction of the United States under 28 U.S.C. § 1333. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963).

7. On or about January 29, 2005, defendant SEABOATS, INC., owned the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

8. On or about January 29, 2005, defendant SEABOATS, INC., possessed the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

9. On or about January 29, 2005, defendant SEABOATS, INC., managed the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

10. On or about January 29, 2005, defendant SEABOATS, INC., operated the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

11. On or about January 29, 2005, defendant SEABOATS, INC., controlled the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

12. On or about January 29, 2005, defendant SEABOATS, INC., was the bareboat charterer of the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

13. On or about January 29, 2005, defendant SEABOATS, INC., was the owner *pro hac vice* of the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

14. On or about January 29, 2005, defendant BARGES UNLIMITED, INC., owned the

BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

15. On or about January 29, 2005, defendant BARGES UNLIMITED, INC., possessed the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

16. On or about January 29, 2005, defendant BARGES UNLIMITED, INC., managed the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

17. On or about January 29, 2005, defendant BARGES UNLIMITED, INC., operated the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

18. On or about January 29, 2005, defendant BARGES UNLIMITED, INC., controlled the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

19. On or about January 29, 2005, defendant BARGES UNLIMITED, INC., was the bareboat charterer of the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

20. On or about January 29, 2005, defendant BARGES UNLIMITED, INC., was the owner *pro hac vice* of the BARGE PATRIOT in coastwise, inter-coastal and foreign commerce.

21. On or about January 29, 2005, defendant TUGS UNLIMITED, INC., owned the TUG DANIEL C in coastwise, inter-coastal and foreign commerce.

22. On or about January 29, 2005, defendant TUGS UNLIMITED, INC., possessed the TUG DANIEL C in coastwise, inter-coastal and foreign commerce.

23. On or about January 29, 2005, defendant TUGS UNLIMITED, INC., managed the TUG DANIEL C in coastwise, inter-coastal and foreign commerce.

24. On or about January 29, 2005, defendant TUGS UNLIMITED, INC., operated the TUG DANIEL C in coastwise, inter-coastal and foreign commerce.

25. On or about January 29, 2005, defendant TUGS UNLIMITED, INC., controlled the TUG

DANIEL C in coastwise, inter-coastal and foreign commerce.

26. On or about January 29, 2005, defendant TUGS UNLIMITED, INC., was the bareboat charterer of the TUG DANIEL C in coastwise, inter-coastal and foreign commerce.

27. On or about January 29, 2005, defendant TUGS UNLIMITED, INC., was the owner pro hac vice of the TUG DANIEL C in coastwise, inter-coastal and foreign commerce.

28. The BARGE PATRIOT presently is, or during the pendency of this action, will be within the Federal Judicial District in which this action has been commenced.

29. The TUG DANIEL C presently is, or during the pendency of this action, will be within the Federal Judicial District in which this action has been commenced.

30. On or about January 29, 2005, plaintiff was in the employ of defendant SEABOATS, INC., as a member of the crew of the vessel at the rate of pay and for the term set forth in his employment agreement.

31. On or about January 29, 2005, plaintiff was in the employ of defendant BARGES UNLIMITED, INC., as a member of the crew of the vessel at the rate of pay and for the term set forth in his employment agreement.

32. On or about January 29, 2005, plaintiff was in the employ of defendant TUGS UNLIMITED, INC., as a member of the crew of the vessel at the rate of pay and for the term set forth in his employment agreement.

33. On or about January 29, 2005, while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel and the negligence of the defendants, was caused to sustain the serious injuries more specifically set forth

hereunder.

34. On or about January 29, 2005, plaintiff, while in the course of his employment, and with the consent and knowledge of each of the defendants, was performing labors in furtherance of the vessel's owners' business. While in the process of so doing, plaintiff was caused to suffer the serious injuries more fully set forth herein.

35. The defendants had a non-delegable duty to provide plaintiff a safe place to work.

36. Plaintiff's injuries were caused by the negligence of the defendants jointly and severally, by their agents, servants, workmen and employees and by the unseaworthiness of the vessel, and by the defendants' breach of their obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

37. Solely by reason of the negligence of the defendants jointly and severally, and the unseaworthiness of the vessel as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured; he sustained injuries to his cervical spine; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings.

38. By reason of the foregoing, plaintiff claims compensatory damages against the Defendants in an amount to be determined by the trier of fact.

**SECOND CAUSE OF ACTION**

39. Plaintiff claims of the Defendants maintenance, cure and wages, and if warranted, punitive damages and attorneys fees, in such amount as may be determined by the Court upon the following cause of action:

40. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

41. The jurisdiction of this Court over this second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

42. Because of plaintiff's injuries as aforesaid, plaintiff is entitled to maintenance and cure which is unpaid.

43. Plaintiff, by virtue of his service upon the said vessel, claims maintenance, cure and wages and, if warranted, punitive and exemplary damages and attorneys fees in an amount which the Court shall deem just and proper upon the trial of this cause.

44. All and singular, the premises contained in the second cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, plaintiff prays that judgment be entered against the defendants, and,

1. That a warrant of arrest issue against the vessel, her boilers, engines, tackle, appurtenances, etc, and that all persons claiming any right, title or interest therein be cited to appear and answer all the matters aforesaid;

2. That citation issue against defendant SEABOATS, INC., BARGES UNLIMITED,

INC., TUGS UNLIMITED, INC., the BARGE PATRIOT, and the TUG DANIEL C to appear and answer all the matters aforesaid;

3. That this Honorable Court enter judgment for plaintiffs in accordance with the sums set forth as aforesaid together with interest, costs and counsel fees;

4. That the said vessel, her boilers, engines, tackle, appurtenances, etc. be condemned and sold to pay the same;

5. That judgment be entered against the defendants for compensatory damages in the amount found by the trier of fact, and for such maintenance, cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs, punitive damages and counsel fees as the Court may deem just and proper.

Dated: January 18, 2008

JOSEPH MOCERI,
By His Attorneys,

Peter Brent Regan, Esq. (#3421)
SAYER REGAN THAYER & FLANAGAN, LLP
130 Bellevue Avenue, Unit 2
Newport, RI 02840
Tel: 401-849-3040 Fax: 401-849-4330

-and-

HOFMANN & ASSOCIATES
Paul T. Hofmann
360 West 31st Street, Ste. 1506
New York, NY 10007
Tel: 212-465-8840 Fax 212-465-8849

HOFMANN & ASSOCIATES
360 West 31st Street, Suite 1506
New York, NY 10001-2727
Tel: 212-465-8840
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------x

JOSEPH MOCERI,

Plaintiff,

-against-

VERIFICATION

SEABOATS, INC.,
BARGES UNLIMITED, INC.
TUGS UNLIMITED, INC.,
the BARGE PATRIOT,
and the TUG DANIEL C.

Defendants.

---------------------------------------------------x

Plaintiff hereby states that he has read the COMPLAINT in this matter, that the statements therein are true to the best of his knowledge, except for those statements made upon information and belief, and as to them, he believes them to be true.

Dated: 1-11-08

[signature]

Joseph Moceri