UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSEPH MOCERI, Plaintiff | |
| v. | CIVIL ACTION NO. 08-026T |
| SEABOATS, INC., BARGES UNLIMITED, INC. TUGS UNLIMITED INC., the BARGE PATRIOT, and the TUG DANIEL C., Defendants | |

ANSWER OF DEFENDANTS SEABOATS, INC., BARGES UNLIMITED, INC., AND TUGS UNLIMITED, INC. TO PLAINTIFF'S COMPLAINT[1]

1. The defendants deny the truth of the allegations set forth in paragraph 1 because the plaintiff was not a seaman engaged in commercial fishing; he was a crewmember on board the tug DONALD C.

2. The defendants do not have sufficient information to form a belief concerning the truth of the allegations concerning the plaintiff's residency in New Hampshire.

3. Seaboats, Inc. is a corporation, not a partnership, duly organized in the State of Rhode Island. It does business in the State of Rhode Island from time to time, but plaintiff's cause of action does not arise from any conduct in Rhode Island.

[1] The Complaint misnames vessels whose correct names are DONALD C. and THE PATRIOT. In any event, those putative defendants have not been served and so are not parties to this action. This Answer is filed on behalf of the three corporate defendants.

4. Barges Unlimited, Inc. admits that it is a corporation duly organized in the State of Rhode Island. It does business in the State of Rhode Island from time to time, but plaintiff's cause of action does not arise from any conduct in Rhode Island.

5. Tugs Unlimited, Inc. admits that it is a corporation duly organized in the State of Rhode Island. It does business in the State of Rhode Island from time to time, but plaintiff's cause of action does not arise from any conduct in Rhode Island.

6. Paragraph 6 contains an assertion of the basis of the Court's subject matter jurisdiction and requires no response.

7. Defendant Seaboats, Inc. denies the truth of the allegations set forth in this paragraph. On January 29, 2005, Seaboats, Inc. was a part owner of, and operated, the barge THE PATRIOT, which engaged in coastwise commerce, but not inter-coastal or foreign commerce.

8. Defendant Seaboats, Inc. incorporates by reference its response to paragraph 7.

9. Defendant Seaboats, Inc. incorporates by reference its response to paragraph 7.

10. Defendant Seaboats, Inc. admits that on January 29, 2005, it operated the barge THE PATRIOT, which engaged in coastwise commerce, but not inter-coastal or foreign commerce.

11. Defendant Seaboats, Inc. incorporates by reference its response to paragraph 7.

12. Defendant Seaboats, Inc. admits that on January 29, 2005, it was the bareboat charterer of the barge THE PATRIOT, which engaged in coastwise commerce, but not inter-coastal or foreign commerce.

13. Defendant Seaboats, Inc. admits that on January 29, 2005, it was the owner *pro hac vice* of the barge THE PATRIOT, which engaged in coastwise commerce, but not inter-coastal or foreign commerce.

14. Defendant Barges Unlimited, Inc. denies the truth of the allegations set forth in this paragraph. On January 29, 2005, Barges Unlimited, Inc. was a part owner of the barge THE PATRIOT.

15. Defendant Barges Unlimited, Inc. incorporates by reference its response to paragraph 14.

16. Defendant Barges Unlimited, Inc. incorporates by reference its response to paragraph 14.

17. Defendant Barges Unlimited, Inc. incorporates by reference its response to paragraph 14.

18. Defendant Barges Unlimited, Inc. incorporates by reference its response to paragraph 14.

19. Defendant Barges Unlimited, Inc. incorporates by reference its response to paragraph 14.

20. Defendant Barges Unlimited, Inc. incorporates by reference its response to paragraph 14.

21. Defendant Tugs Unlimited, Inc. denies the truth of the allegations set forth in this paragraph. On January 29, 2005, Tugs Unlimited, Inc. owned the tug DONALD C., which engaged in coastwise commerce, but not inter-coastal or foreign commerce.

22. Defendant Tugs Unlimited, Inc. incorporates by reference its response to paragraph 21.

23. Defendant Tugs Unlimited, Inc. incorporates by reference its response to paragraph 21.

24. Defendant Tugs Unlimited, Inc. incorporates by reference its response to paragraph 21.

25. Defendant Tugs Unlimited, Inc. incorporates by reference its response to paragraph 21.

26. Defendant Tugs Unlimited, Inc. incorporates by reference its response to paragraph 21.

27. Defendant Tugs Unlimited, Inc. incorporates by reference its response to paragraph 21.

28. The defendants deny the truth of the allegations set forth in paragraph 28. The barge THE PATRIOT may be within the federal district of Rhode Island at some point or points in time during the pendency of this action.

29. The defendants deny the truth of the allegations set forth in paragraph 29. The tug DONALD C. may be within the federal district of Rhode Island at some point or points in time during the pendency of this action.

30. The defendants deny the truth of the allegations set forth in paragraph 30, but admit that on the date specified, the plaintiff was employed by Marine Employment Services, Inc. as a crewmember on board the tug DONALD C.

31. The defendants incorporate by reference their response to paragraph 30.

32. The defendants incorporate by reference their response to paragraph 30.

33. The defendants deny the truth of the allegations set forth in paragraph 33.

34. The defendants deny the truth of the allegations set forth in paragraph 34.

35. The defendants deny the truth of the allegations set forth in paragraph 35.

36. The defendants deny the truth of the allegations set forth in paragraph 36.

37. The defendants deny the truth of the allegations set forth in paragraph 37.

38. The defendants deny the allegation that the plaintiff is entitled to any damages from them.

39. Paragraph 39 contains a statement of the plaintiff's claim and does not appear to require a response, but if one is required, the defendants deny the allegations set forth in paragraph 39.

40. As the plaintiff did in paragraph 40 of the Complaint, the defendants incorporate by reference all of their responses to this point.

41. Paragraph 41 is an assertion of the Court's subject matter and requires no response.

42. The defendants deny the truth of the allegations set forth in paragraph 42.

43. Paragraph 43 contains a statement of the plaintiff's claim and does not appear to require a response, but if one is required, the defendants deny the allegations set forth in paragraph 43.

44. The defendants deny the truth of the allegations set forth in paragraph 44.

FIRST SEPARATE DEFENSE

If plaintiff was injured as alleged, which is denied, his injuries were caused in whole or in part by his own negligence and failure to exercise the degree of care reasonably required of a person of his age and experience under the existing circumstances

SECOND SEPARATE DEFENSE

If plaintiff was injured as alleged, which is denied, his injuries were caused in whole or in part by his own willful misconduct.

THIRD SEPARATE DEFENSE

If plaintiff was injured as alleged, which is denied, his injuries were in no way caused by defendants or any person acting with, through, or under defendants, or by any person for whose conduct or negligence defendants are legally responsible or answerable.

FOURTH SEPARATE DEFENSE

If plaintiff was injured as alleged, which is denied, his injuries occurred while plaintiff was performing an action that was adverse to the interests of defendants.

FIFTH SEPARATE DEFENSE

When plaintiff joined the vessel, he was suffering from an illness or injury that he failed to disclose to defendants and, if he had disclosed such illness or injury, he would not have been employed; such willful or negligent failure to disclose was a breach of plaintiff's warranty of physical fitness and was a fraud on defendants.

SIXTH SEPARATE DEFENSE

If defendants owed plaintiff anything, the same has been paid in full, and defendants owe plaintiff nothing.

SEVENTH SEPARATE DEFENSE

Plaintiff has failed to mitigate his damages.

EIGHTH SEPARATE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

NINTH SEPARATE DEFENSE

This action must be dismissed for insufficiency of process and insufficiency of service of process.

TENTH SEPARATE DEFENSE

This action must be dismissed as untimely under the applicable statutes of limitations or doctrine of laches.

ELEVENTH SEPARATE DEFENSE

This action must be dismissed for lack of jurisdiction over the defendants' persons.

TWELFTH SEPARATE DEFENSE

This action must be dismissed for improper venue, as there is no connection whatever between Rhode Island and plaintiff's cause of action, such as it is: plaintiff alleges that he resides in New Hampshire, the defendants' principal offices are in Massachusetts, and the injuries allegedly occurred aboard the vessels in waters near Albany, New York.

DEFENDANTS SEABOATS, INC.,
BARGES UNLIMITED, INC.,
AND TUGS UNLIMITED, INC.

By their attorneys,

/s/ ***Francis J. Sally***
Francis J. Sally (RI Bar ID # 5324)
SALLY & FITCH LLP
56 Pine Street
Providence, RI 02903
(401) 521-6500

/s/ ***James B. Re***
James B. Re (MA BBO #413300)
(*pro hac vice admission pending*)
SALLY & FITCH LLP
One Beacon Street
Boston, MA 02108
(617) 542-5542

Dated: April 3, 2008

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 3, 2008.

/s/ ***James B. Re***
James B. Re